(1) The Secretary's motion for summary affirmance is granted.

(2) Each side shall bear its own costs.

**Alyce Z. ALFORD, Plaintiff,**

v.

**William J. HENDERSON, Postmaster General, United States Postal Service, Defendant.**

**No. 01–3110.**

United States Court of Appeals, Federal Circuit.

April 2, 2001.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

*ORDER*

CLEVENGER, Circuit Judge.

Alyzce C. Alford responds to this court's letter seeking clarification of the transfer of this case from the United States District Court for the Central District of California.

Alford argues that this case was transferred in error. In sum, she asserts that her district court action is based on the final agency decisions of the EEO Office of the United States Postal Service (USPS) dated February 24, 1999 and March 26, 1999 and is properly before the district court. Alford argues that the transfer was based on the mistaken notion that her district court action sought review of a later Merits Systems Protection Board decision.

Alford filed discrimination complaints with the EEO Office of the USPS on June 8, 1998, and July 3, 1998. She retired on January 3, 1999, before the USPS acted on her discrimination complaints. Alford filed an appeal on February 5, 1999 with the Merit Systems Protection Board from the agency action separating her from her employment, alleging that her retirement was involuntary and raising issues of discrimination.

On February 24, 1999 and March 26, 1999, the EEO Office of the USPS issued final decisions on Alford's discrimination complaints, concluding that the agency did not discriminate against Alford based on race, sex, or age. The decisions specified that Alford could seek review of the decisions by either filing a civil action in a U.S. district court within 90 days of receipt of the final decisions or by filing an appeal with the Equal Employment Opportunity Commission within 30 days of receipt of the decisions. Alford chose to challenge the decisions by filing a civil action in the

United States District Court for the Central District of California on May 26, 1999.

The Postmaster General filed a motion to dismiss in the district court on February 4, 2000, arguing that Alford did not exhaust her administrative remedies because she had an appeal pending before the Board. The Postmaster General noted that if the Board dismissed for lack of jurisdiction, Alford could only seek review of that decision in this court. On August 28, 2000, the Board issued a final decision on Alford's appeal, ruling that Alford's retirement was voluntary. Because the Board dismissed the appeal for lack of jurisdiction, it did not reach Alford's discrimination claims. On November 1, 2000, Alford filed an opposition to the motion to dismiss, arguing that she did exhaust her remedies because the Board rendered a decision that became final on August 28, 2000. Alford now concedes that her opposition "could [have been] clearer." Based on arguments that were not clearly presented by either party, the district court transferred the action to this court. While the district court correctly ruled that it lacked subject matter jurisdiction to review the Board's August 28, 2000 decision, Alford's district court complaint, filed more than a year before the Board's decision, challenged the final decisions pf the USPS' EEO Office on Alford's discrimination complaints, not Alford's separation, which was the subject of her Board appeal.

We conclude that the case was transferred to this court in error. Neither Alford's May 26, 1999 original complaint, nor her amended complaints filed on June 15, 1999 and on July 1, 1999, can constitute a petition for review of the Board's August 28, 2000 final decision. As Alford only now clearly states, her second amended complaint was based on the February 24, 1999 and March 26, 1999 final decisions of the USPS on her discrimination com-

plaints. Her separate appeal to the Board from her separation resulted in the August 28, 2000 final decision, and Alford has not petitioned this court for review of that ruling.

Accordingly,

IT IS ORDERED THAT:

(1) The clerk is directed to retransfer this case to the United States District Court for the Central District of California.

(2) The revised official caption is reflected above.